NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1254

COMMONWEALTH

vs.

JEROME LEATHERWOOD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Jerome Leatherwood, appeals from his convictions of two counts of indecent assault and battery on a child under fourteen, arguing that the judge improperly determined that he was competent to stand trial.  He also appeals from a different judge's denial of his postconviction motion for costs for an expert speech language pathologist to support a motion for a new trial.  We affirm.

Background.  We summarize the facts and procedural history of this case, reserving certain facts for later discussion.  The defendant was indicted in 2015 on multiple charges of aggravated rape of a child and indecent assault and battery on a child

under fourteen.[1]  His competency to stand trial was called into question at his arraignment in late 2015, and he was committed to Bridgewater State Hospital (Bridgewater) for observation and evaluation.  In early 2016, he was transferred to the Worcester Recovery Center and Hospital, where he remained civilly committed for over two years, before returning to Bridgewater until his trial commenced in 2022.[2]

In 2017, the defendant moved to dismiss the indictments on the ground that he was incompetent to stand trial.  After an updated competency evaluation and a multiday evidentiary hearing in 2018, a judge (first judge) found that the defendant was competent to stand trial and denied the motion.  In reaching her conclusion, the first judge relied on a report authored by Dr. Jeffrey Burl, who opined that the defendant was competent.  In 2019, the defendant moved for reconsideration of that determination, and, after another evidentiary hearing, the first

---

[1] The defendant was originally indicted on three counts of aggravated rape of a child, subsequent offense, five counts of indecent assault and battery on a child under age fourteen, and one count of resisting arrest.  The Commonwealth later entered nolle prosequis on several of the charges.  The defendant was ultimately tried for two counts of aggravated rape of a child and three counts of indecent assault and battery on a child under age fourteen.

[2] The defendant was briefly held in custody at the Nashua Street jail for two short periods in 2018 and 2019, lasting approximately three and twenty-one days respectively, before being recommitted to Bridgewater.

judge denied the motion, finding no changed circumstances warranting reconsideration.

In 2022, just before trial, a different judge (second judge) presided over another evidentiary hearing on the defendant's competency, at which Dr. Sara Laniado testified. Although Dr. Laniado was unable to conclusively opine whether the defendant was competent, she opined that the defendant's abilities "should be intact." The second judge ultimately found the defendant competent, and the case proceeded to a jury trial.

On the two counts of rape of a child, the jury found the defendant guilty of the lesser included offense of indecent assault and battery on a child under age fourteen. On the three counts of indecent assault and battery on a child under age fourteen, the jury found the defendant not guilty.

After trial, the defendant moved for funds for a speech language pathology expert pursuant to Mass. R. Crim. P. 30 (c) (5), as appearing in 435 Mass. 1501 (2001). He argued in part that such an expert would opine on the effect of his language deficits on prior evaluations of his competency. A judge (third judge) denied the motion, concluding that the defendant had not shown that such an opinion would support a meritorious motion for new trial.

3

Discussion. 1. Competency. Where competency has been called into question, the Commonwealth has the burden to prove by a preponderance of the evidence that a defendant is competent to stand trial. Commonwealth v. Lyons, 426 Mass. 466, 469 (1998). "Competency to stand trial requires that the defendant have [1] sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and . . . [2] a rational as well as factual understanding of the proceedings against him" (quotation and citation omitted). Id. at 468-469.

We review a judge's determination of a defendant's competency for abuse of discretion. Commonwealth v. Beatty, 492 Mass. 118, 125 (2023). In doing so, we give substantial deference to the judge's findings of fact. Lyons, 426 Mass. at 469. Crucially, "[w]hile it may be useful for a judge to hear opinions from medical experts, the determination is ultimately a legal, not a medical, judgment." Commonwealth v. Jones, 479 Mass. 1, 14 (2018).

Here, the second judge, in finding the defendant competent immediately before trial, credited Dr. Laniado's testimony and report, which, while not affirmatively opining that the defendant was competent, included Dr. Laniado's opinions that the defendant was exaggerating his symptoms for secondary gain and that there was "a richness of data to suggest that [the

4

defendant's] abilities are intact." The second judge also reviewed all of the evidence from the 2018 and 2019 hearings.[3] Finally, and importantly, the second judge considered her own observations of the defendant in the court room, including his ability to generally conduct himself appropriately and his apparent close relationship with his attorney. Considering all of this evidence, the second judge did not abuse her discretion in finding the defendant competent to stand trial.

The defendant's arguments to the contrary are not persuasive. The defendant does not challenge any of the second judge's factual findings. Rather, he argues that the ultimate competency finding was contrary to the weight of the evidence, because only one medical expert opined, several years before trial, that he was competent, and because the judge's own observations of him in court do not "overcome" the other evidence. These arguments misunderstand the legal standards

---

[3] In addition, the judge reviewed video footage of the defendant's 2015 interview with police and audio recordings of phone calls he made while detained. In these recordings, she observed the defendant's ability to (1) recall information; (2) engage with police about the allegations against him, the credibility of the complainant, and the consequences of a conviction; and (3) show his understanding of the court process and the role of his lawyer. This 2015 evidence, while dated, was consistent with the conclusion the judge reached based on more recent evidence.

applied in a competency determination,[4] and they amount to a request to reweigh the evidence. We will not do so. See Commonwealth v. Schoener, 491 Mass. 706, 719 (2023).

Finally, we note that, while the second judge of course made her finding before trial, nothing in the trial record calls that finding into question after the fact. The defendant appears to have conducted himself appropriately throughout the trial; he also testified coherently, and the jury appear to have thoughtfully considered all of the evidence, returning guilty verdicts on some, but not all of the charges.

2. Denial of funds for expert. Rule 30 (c) (5) of the Rules of Criminal Procedure gives judges "discretion to allow for the payment of costs associated with the preparation and presentation of a new trial motion," including costs for retaining an expert. Reporter's Notes to Mass. R. Crim. P. 30 (c) (5). "In making the decision to allow costs associated

---

[4] For example, the defendant asserts that the judge's "[s]uperficial observations offer little support for the judge's non-expert findings supporting competency." This misstates both the status of a competency determination as a legal question and the weight which the judge may give to her own observations of the defendant. See Jones, 479 Mass. at 14 (competency is "ultimately a legal, not a medical, judgment"); Commonwealth v. Scionti, 81 Mass. App. Ct. 266, 273 (2012) (judge "entitled to place great weight" on observations of defendant). Similarly, the defendant's argument that the judge could not base her finding on a purportedly stale opinion from 2018 incorrectly assumes that the judge may only find the defendant competent when a medical expert has also so opined. See Jones, supra.

6

with a new trial motion, the judge should take into account the likelihood that the expenditure will result in the defendant's being able to present a meritorious ground for a new trial" (citation omitted).  Commonwealth v. Mitchell, 438 Mass. 535, 555, cert. denied, 539 U.S. 907 (2003).  Here, the judge made the appropriate inquiries and consequently did not abuse his discretion.  See Commonwealth v. Ortiz, 67 Mass. App. Ct. 349, 354 (2006).

The defendant's arguments on this issue are nearly verbatim those which he made in his original motion for funds for an expert speech language pathologist.  He does not identify any flaws in the third judge's reasons for denying the motion, let alone show any abuse of discretion in that decision.  See Commonwealth v. Gonzalez, 103 Mass. App. Ct. 74, 81 n.4 (2023) (inadequately argued claims need not be considered).  The defendant merely reiterates his argument that an expert speech language pathologist would opine on how his difficulties with speech and language comprehension might have affected his prior competency evaluations.  However, the role of the defendant's learning disability and language-based difficulties has been well considered throughout this case.[5]  Reviewing this record,

---

[5] Multiple experts in the first competency hearing considered the defendant's language disabilities in their assessments.  Likewise, Dr. Laniado factored the defendant's

the third judge did not abuse his discretion when concluding that the defendant's motion did not present any issues not already addressed in prior competency determinations, and therefore that the expenditure was unlikely to result in a meritorious motion for a new trial.

Judgments affirmed.

Order denying postconviction motion for expert funds affirmed.

By the Court (Vuono, Neyman & Sacks, JJ.[6]),

Paul Little

Clerk

Entered:  March 23, 2026.

---

cognitive deficits into her testing of the defendant, giving nonverbal tests instead of verbal ones when possible, and reading questions aloud rather than requiring the defendant to read them himself.  Even with these considerations in mind, several experts opined that the defendant's competency was likely unaffected by his disabilities or that he nonetheless showed inconsistent effort on tests that were administered to him, calling into question the genuineness of his other apparent deficits.  Also, both the first and second judges found that the defendant had cognitive disabilities, which they factored into their assessments of his competency.

[6] The panelists are listed in order of seniority.

8